**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA**

CASE NO: 05-2026-CA-047611-XXCA-BC

**DAVID TOM,**
**Plaintiff,**

**-vs-**

**JNZ INSURANCE SERVICES INC**
**ALLSTATE INSURANCE COMPANY,**
**Defendant.**

---

**CASE MANAGEMENT ORDER**
**(GENERAL)**

THIS CAUSE having come before the Court upon the commencement of this action and to inform the parties of the projected trial period for this matter, and the Court's deadlines and cutoff dates that will control the management of this action pursuant to Administrative Order AO25-08, and Pursuant to the dictates of Administrative Order AOSC 20-23 as amended of the Florida Supreme Court, it is hereby:

**ORDERED** that the following trial period, pretrial conference date, deadlines and cutoff dates are applicable to this action, and that same will be strictly applied by the Court:

**Case Management Abbreviations**[1]

[1] **Abbreviations**: Plaintiff=PL; Defendant=DF; Case Management Order=CMO; Pretrial Conference-PTC

1. **Trial Period Start Date and Pretrial Conference Date***

| | | |
|---|---|---|
| **Not to Exceed* <br>*18 months after the date for service of process under 1.070(j). (120 days).*<br>*To be completed by court based on Track Designation Form | Projected Trial Period: | Monday, August 14, 2028 |
| | Pre-Trial Conference Date: | Tuesday, August 01, 2028 |
| | Jury Trial or Non-Jury Trial: | Jury Trial |
| | Estimated Number of Trial Days: | three (3) |

| | |
|---|---|
| | *Final Date (Actual Trial Period) will be confirmed by Order Setting: Trial, Pre-Trial Conference, and Directing Pre-Trial Compliance* |

2. **Initial Meet/Confer, Discovery Disclosure and Service of Process**

| | |
|---|---|
| Perfect Service of Process: | 120 days after filing complaint or addition of party. |
| Perfect Service of Process **under and extension** | 60 days after order granting extension. |
| **Initial Discovery Disclosure** Irrespective if any formal discovery requests are made, each party shall provide the other party(ies) the following initial discovery disclosures unless privileged or protected:<br>1. name, address (if known), telephone number and email address for each individual likely to have discoverable information (including the subject matter of that information) that the disclosing party may use to support its claims and defenses;<br>2. a copy; or description by category and location of all documents, ESI and tangible things that the disclosing party may use to support its claims and defenses;<br>3. a computation for each category of economic damages claimed by the disclosing party and a copy of any supporting documentation or evidence (for non-economic damages set forth each category and provide supporting documents);<br>4. a copy of any insurance policy or agreement that may provide coverage indemnification for the disclosing party if found liable for a possible judgment in the action.<br>***Unacceptable Excuses.*** A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. | 60 days after each Defendant is served.<br><br>(***Notice of Compliance shall be filed 5 days thereafter***) |

3. **Deadlines and Cutoff Dates[2]**
**(Calculated as days before Pretrial Conference Date)**

[2] When calculating deadlines based on the Pre-Trial Conference date, if the deadline falls on a weekend or holiday, the deadline will be taken as the last business day prior to the deadline date. *E.g.*, if 10 days prior to the Pre-Trial Conference date falls on Saturday, March 13th, the deadline for mediation to be completed would be Friday, March 12th (*not* Monday, March 15th).

| **Deadlines and Cutoff Dates** | **Number of Days before Pretrial Conference** |
|---|---|

| | |
|---|---|
| 1) **Plaintiff and Defendant(s) are to disclose potential fact witnesses (including treating physicians and/or non-retained experts)**<br>***Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court.*** *The formal Fact Witness List will be filed in accordance with Para. 9 below.* | 180 days<br>prior to PTC date<br><br>***(Notice of Compliance shall be filed 5 days thereafter)*** |
| 2) **Disclosure and Filing of Plaintiff Expert Witness List**<br>Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 180 days<br>prior to PTC date |
| 3) **Disclosure and Filing of Defendant Expert Witness List**<br>Regardless if Plaintiff propounds expert discovery, Defendant will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 150 days<br>prior to PTC date |
| 4) **Motions to amend pleadings or add new parties to be filed and served** | 120 days<br>prior to PTC date |
| 5) **Formal identification of *Fabre* Defendants** | 120 days<br>prior to PTC date |
| 6) **Filing of Plaintiff Rebuttal Expert**<br>Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 120 days<br>prior to PTC date |
| 7) **Mediator and Mediation Date agreed to** | 120 days<br>prior to PTC date |
| 8) **All CME Rule 1.360 exams completed** (counsel should schedule the CME as soon as Plaintiff discloses expert witnesses and not upon approaching this deadline) | 120 days<br>prior to PTC date |
| 9) **CME Report prepared and provided to Plaintiff**<br>(If Defendant intends to call CME Dr to testify, DF shall provide 3 available depo dates within 10 days after report) | 90 days<br>prior to PTC date |
| 10) **Filing of Plaintiff and Defendant Fact Witness List and Exhibit List** | 90 days<br>prior to PTC date |

| | |
|---|---|
| **11) Disclosure of post-accident surveillance to be used at trial**<br>***Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court*** | 90 days<br>prior to PTC date<br><br>***(Notice of Compliance shall be filed 5 days thereafter)*** |
| **12) All dispositive motions and summary judgment motions <u>filed</u> and served** | 80 days<br>prior to PTC date |
| **13) All expert discovery and responses completed by** | 70 days<br>prior to PTC date |
| **14) All Daubert motions <u>filed</u> and served** | 60 days<br>prior to PTC date |
| **15) Completion of Fact Discovery (including Depositions)** | 30 days<br>prior to PTC date |
| **16) All Daubert Motions/Expert Objections noticed and heard**<br>(Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue)<br>Responsibility for scheduling the hearing shall be upon the party filing the Motion or Objection. | 30 days<br>prior to PTC date |
| **17) Disclosure of all *Northrup* impeachment materials** | 30 days<br>prior to PTC date |
| **18) Plaintiff and Defendant final disclosure of all trial witnesses**<br>(Counsel should designate which of previously disclosed witnesses they intend to call at trial)<br>***Exchanged between the parties to facilitate trial preparation, but not filed with the Court*** | 20 days<br>prior to PTC date<br><br>***(Notice of Compliance shall be filed 5 days thereafter)*** |
| **19) Plaintiff and Defendant disclosure of all trial exhibits**<br>(Counsel should designate which of previously disclosed exhibits they intend to use at trial)<br>***Exchanged between the parties to facilitate trial preparation, but not filed with the Court*** | 20 days<br>prior to PTC date<br><br>***(Notice of Compliance shall be filed 5 days thereafter)*** |
| **20) All Motions noticed and heard (except *Daubert* motions, motion for summary judgment, and motions in limine)** | 15 days<br>prior to PTC date |
| **21) Plaintiff/Defendant exchange and <u>filing</u> of Notice of Depo Designations** | 15 days<br>prior to PTC date |

| | |
|---|---|
| **22) All motions for summary judgment heard**<br>(Responsibility for scheduling hearing shall be upon the party filing the Motion or Objection) | 10 days<br>prior to PTC date |
| **23) Plaintiff/Defendant exchange and <u>filing</u> of objections and counter-designations to depo designations** | 10 days<br>prior to PTC date |
| **24) Alternative Dispute Resolution Completed** | 10 days<br>prior to PTC date |
| **25) Attorney Meet/Exchange/Inspect/Pretrial Stipulation**<br>Exchange/examine pre-trial exhibits, discuss settlement; determine stipulated facts and issues; prepare pre-trial statement/stipulation; complete pre-trial checklist and proposed pre-trial conference order; confirm witnesses and contact info; review video depo and exhibits to be used at trial; agree on jury instructions, verdict form, and exhibit logs | 7 days<br>prior to PTC date |
| **26) Plaintiff/Defendant objections to depo designations noticed and heard*** | *5 days prior to trial |
| **27) All Motions in limine noticed and heard*** | *5 days prior to trial |

**IT IS FURTHER ORDERED** that:

**1. COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3. **MODIFICATION OF THIS ORDER:** The parties may only alter or extend the deadlines in this Order as follows: Parties may submit an agreed order to extend a deadline if the extension does not affect the ability to comply with the remaining deadlines or the Projected Trial Period in this case management order. If an extension will affect a subsequent deadline or the Projected Trial Period, the Parties may seek amendment of this Case Management Order pursuant to *Fla.R.Civ.P.* 1.200(e)(3). After an Actual Trial Period has been set by the Court; if an extension will affect a subsequent deadline the Parties may seek amendment of this Case Management Order pursuant to *Fla.R.Civ.P.* 1.200(e)(3), *provided it does not affect the Actual Trial Period.* If an extension will affect the Actual Trial Period, the Parties must seek continuance pursuant to *Fla.R.Civ.P.* 1.460

4. **MOTIONS OR NOTICES FOR TRIAL:** Parties may file a Motion for Trial if they are ready for trial prior to the above-projected trial period or Actual Trial period pursuant to Rule

1.440. The Plaintiff shall forward a copy of the Motion for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with each Division's Policies and Procedures, the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of service on defendant(s) that all parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE AND ORDERED** this Friday, September 11, 2026, in Brevard County, Florida.

/S/ Curt Jacobus
CIRCUIT JUDGE

**CERTIFICATE OF SERVICE**

***A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.***

DAVID TOM
DAVID.M.TOM@GMAIL.COM

on Friday, September 11, 2026.

05-2026-CA-047611-XXCA-BC 09/11/2026 08:48:35 AM

Joanna Linkous, Case Manager
05-2026-CA-047611-XXCA-BC 09/11/2026 08:48:35 AM

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Moore Justice Center, 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, FL, 32940, 321-633-2171, ext. 3, at least 7 days before your scheduled court appearance, or immediately on receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**