**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID TOM,

Plaintiff,

v. Case No.: 6:26-cv-02377-PGB-CAB

JNZ INSURANCE SERVICES INC., et al.,

Defendants.
______________________________________/

**DEFENDANT JNZ INSURANCE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant JNZ Insurance Services, Inc. ("JNZ") for its Answer to Plaintiff David Tom's ("Mr. Tom") Complaint [D.E. 1-1] states as follows:

1. In response to Paragraph 1 of the Complaint, JNZ admits only that the Complaint purports to seek damages under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. JNZ lacks information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 1 and therefore denies them.

2. In response to Paragraph 2 of the Complaint, JNZ admits only that the Complaint purports to seek damages under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. JNZ lacks

information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 2 and therefore denies them.

3. In response to Paragraph 3 of the Complaint, JNZ admits that Plaintiff has named JNZ and Allstate Insurance Company ("Allstate") as defendants in this action. JNZ denies that it is a Florida limited liability company and denies any allegation that Mr. Tom is entitled to any relief against JNZ in this action whatsoever. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 and therefore denies them.

## AS TO "INTRODUCTION"

4. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies them.

5. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Paragraph 6 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the

TCPA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the TCPA.

7. In response to Paragraph 7 of the Complaint, JNZ admits only that the Complaint purports to seek damages under the TCPA and FTSA. JNZ lacks information or knowledge sufficient to form a belief about the remaining allegations in this Paragraph and therefore denies them.

8. JNZ denies the allegations contained in Paragraph 8 of the Complaint.

## AS TO "JURISDICTION & VENUE"

9. Paragraph 9 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that this case was removed to this Court because it has federal-question jurisdiction over Mr. Tom's TCPA claims. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

10. Paragraph 10 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ admits only that the Complaint purports to seek damages under the FTSA. JNZ denies the remaining allegations contained in this Paragraph.

11. Paragraph 11 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the TCPA and the decision in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740 (2012) speak for themselves and denies any allegations in this Paragraph that are inconsistent therewith.

12. Paragraph 12 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ admits only that the Complaint purports to seek damages under the TCPA and FTSA. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

**AS TO "PARTIES AND FACTUAL BACKGROUND"**

13. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14. In response to Paragraph 14 of the Complaint, JNZ admits only that it is a Florida corporation with its principal office located in St Augustine, Florida. JNZ lacks information or knowledge sufficient to

form a belief about the truth of the remaining allegations contained in Paragraph 14 and therefore denies them.

15. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies them.

16. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18. In response to Paragraph 18 of the Complaint, JNZ admits that the Complaint attaches a document as Plaintiff's Exhibit "B." JNZ denies any remaining allegations in this Paragraph, including any characterization of the document or its recipient not apparent from the face of the exhibit. The exhibit speaks for itself.

19. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. Paragraph 20 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegation that Mr. Tom is a "called party" under the FTSA for purposes of this action and, therefore, denies such allegations and the remaining allegations in the paragraph.

**AS TO "THEORY OF LIABILITY"**

21. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies them.

28. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies them.

31. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies them.

32. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33. To the extent Paragraph 33 of the Complaint contains allegations directed at JNZ, JNZ denies the allegations. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

34. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies them.

35. To the extent Paragraph 35 of the Complaint contains allegations directed at JNZ, JNZ denies the allegations. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

36. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies them.

37. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies them.

38. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies them.

39. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint and therefore denies them.

40. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies them.

41. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies them.

42. JNZ states that the letter from Mr. Tom to JNZ dated August 13, 2026 to which Paragraph 42 of the Complaint cites speaks for itself and denies all allegations contained in this Paragraph inconsistent with that letter.

43. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies them.

46. Paragraph 46 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in this Paragraph and therefore denies them.

47. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint and therefore denies them.

48. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint and therefore denies them.

49. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint and therefore denies them.

50. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint and therefore denies them.

51. Paragraph 51 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the FTSA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the FTSA.

52. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies them.

53. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of the Complaint and therefore denies them.

54. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies them.

55. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies them.

56. To the extent Paragraph 56 of the Complaint contains allegations directed at JNZ, JNZ denies the allegations. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

57. Paragraph 57 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the FTSA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the FTSA.

58. Paragraph 58 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the FTSA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the FTSA.

59. To the extent Paragraph 59 of the Complaint contains allegations directed at JNZ, JNZ denies the allegations. JNZ lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph and therefore denies them.

60. Paragraph 60 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the FTSA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the FTSA.

61. Paragraph 61 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the FTSA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the FTSA.

62. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies them.

63. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies them.

64. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies them.

65. JNZ denies the allegations contained in Paragraph 65 of the Complaint.

66. JNZ denies the allegations contained in Paragraph 66 of the Complaint.

67. JNZ denies the allegations contained in Paragraph 67 of the Complaint.

68. JNZ denies the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains allegations about Allstate, and not JNZ. JNZ lacks information or knowledge sufficient to

form a belief about the truth of the allegations contained in this Paragraph and therefore denies them.

70. In response to Paragraph 70 of the Complaint, JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegation that it is a "telephone solicitor" under the FTSA for purposes of this action and, therefore, denies such allegations and the remaining allegations in the paragraph.

71. Paragraph 71 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in this Paragraph and therefore denies them.

72. Paragraph 72 of the Complaint contains allegations about Allstate, and not JNZ. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in this Paragraph and therefore denies them.

73. JNZ lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies them.

74. Paragraph 74 of the Complaint does not contain any factual allegations to which JNZ is required to respond. JNZ, however, denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever, whether as currently requested or as may be sought through any future amendment.

75. In response to Paragraph 75 of the Complaint, JNZ admits that the Complaint attaches a document as Plaintiff's Exhibit "C." The document speaks for itself. JNZ denies any characterization of the document not apparent from its face and denies all remaining allegations.

76. Paragraph 76 of the Complaint does not contain any factual allegations to which JNZ is required to respond. JNZ, however, denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever.

**AS TO "COUNT I – FEDERAL TCPA DNC VIOLATIONS"**

77. In response to Paragraph 77 of the Complaint, JNZ incorporates its denials and responses to Paragraphs 1 through 76 as if fully set forth herein.

78. JNZ denies the allegations contained in Paragraph 78 of the Complaint.

79. JNZ denies the allegations contained in Paragraph 79 of the Complaint.

80. JNZ denies the allegations contained in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint does not contain any factual allegations to which JNZ is required to respond. If a response is required, JNZ denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever.

**AS TO "COUNT II – FEDERAL TCPA CALLER ID VIOLATIONS"**

82. In response to Paragraph 82 of the Complaint, JNZ incorporates its denials and responses to Paragraphs 1 through 76 as if fully set forth herein.

83. JNZ denies the allegations contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the TCPA speaks for itself and denies all allegations contained in this Paragraph inconsistent with the TCPA.

85. Paragraph 85 of the Complaint asserts a legal conclusion requiring no response. If a response is required, JNZ states that the TCPA speaks for itself and denies all allegations contained in Paragraph 85 inconsistent with the TCPA.

86. JNZ denies the allegations contained in Paragraph 86 of the Complaint.

87. JNZ denies the allegations contained in Paragraph 87 of the Complaint.

88. JNZ denies the allegations contained in Paragraph 88 of the Complaint.

89. JNZ denies the allegations contained in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint does not contain any factual allegations to which JNZ is required to respond. If a response is required, JNZ denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever.

## AS TO "COUNT III – FTSA VIOLATIONS"

91. In response to Paragraph 91 of the Complaint, JNZ incorporates its denials and responses to Paragraphs 1 through 76 as if fully set forth herein.

92. JNZ denies the allegations contained in Paragraph 92 of the Complaint.

93. JNZ denies the allegations contained in Paragraph 93 of the Complaint.

94. JNZ denies the allegations contained in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint does not contain any factual allegations to which JNZ is required to respond. If a response is required, JNZ denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever.

## AS TO "SUMMARY"

96. Paragraph 96 of the Complaint does not contain any factual allegations to which JNZ is required to respond. If a response is required, JNZ denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever.

## AS TO "REQUEST FOR A JURY TRIAL"

97. Paragraph 97 of the Complaint does not contain any factual allegations to which JNZ is required to respond. If a response is required, JNZ denies that Mr. Tom is entitled to any relief from JNZ in this action whatsoever and further denies that Mr. Tom is entitled to a trial by jury on any claim asserted against JNZ.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Mr. Tom's claims, JNZ states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a plausible claim against JNZ upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Mr. Tom lacks standing to assert, in whole or part, the claims and demands for relief in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The acts or omissions of third parties for whom JNZ is not responsible, caused Mr. Tom's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Tom's failure to mitigate damages, if any, bars or limits any recovery.

**FIFTH AFFIRMATIVE DEFENSE**

Mr. Tom may have waived any claims against JNZ.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any violation of law took place, the violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**SEVENTH AFFIRMATIVE DEFENSE**

The statute of limitations may bar Mr. Tom's claims in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a valid claim for costs.

**NINTH AFFIRMATIVE DEFENSE**

The statutory damages provisions of the TCPA and statutory penalties sought by Plaintiff violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the Due Process Clause of the

Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

To the extent the claims against JNZ are based on the actions of its alleged agent(s), JNZ directed such agents to comply with all laws, including the TCPA, and JNZ cannot be held liable – vicariously or otherwise – for the failed actions of its agents.

**ELEVENTH AFFIRMATIVE DEFENSE**

JNZ is not liable to Mr. Tom because it acted reasonably and with due care and implemented reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227 and/or other laws.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint and each purported claim contained therein are barred in whole or in part to the extent that Mr. Tom consented to the phone calls.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Mr. Tom is a serial and professional TCPA litigant. Any alleged injury was known, anticipated, or voluntarily incurred for the purpose of litigation. Accordingly, Mr. Tom is not entitled to treble damages under the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Treble damages are inappropriate as JNZ has not acted willfully or knowingly in violation of the TCPA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to the extent that Mr. Tom lacks standing. Mr. Tom's alleged damages, if any, are speculative or uncertain and not compensable, and/or Mr. Tom cannot recover from JNZ because the Complaint fails to allege, or Mr. Tom cannot maintain, an actual injury-in-fact which deprives the Court of Article III jurisdiction. Further, any damages that Mr. Tom claims are not fairly traceable to the purported statutory violation Mr. Tom raises.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Mr. Tom may have released any claims against JNZ.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Mr. Tom's claims asserted in the Complaint are barred, in whole or part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The interpretations of the TCPA upon which the Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Mr. Tom had an established business relationship with the caller.

## TWENTIETH AFFIRMATIVE DEFENSE

Mr. Tom's damages, if any, have been caused by his own action or inaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Mr. Tom is not entitled to attorney's fees, punitive damages, treble damages, exemplary damages, or compensatory damages for his claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Mr. Tom's claims based on violations of the national Do-Not-Call regulations fail because those regulations were not promulgated within the time limits set forth in 47 U.S.C. § 227(c).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Mr. Tom's claims under 47 C.F.R. § 64.1501 fail because there is no private right of action to enforce that regulation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Mr. Tom's damages under the TCPA and FTSA are limited to one award of statutory damages per call, regardless of the number of violations or defendants allegedly involved with said call.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

JNZ reserves the right to amend or add more defenses or affirmative defenses as necessary.

**WHEREFORE**, Defendant JNZ, respectfully requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in JNZ's favor and direct Mr. Tom to recover nothing from JNZ; and

3. Grant JNZ such other and further relief as this Court deems just and proper.

Respectfully submitted,

*<u>/s/ Joseph K. Merical</u>*

Joseph K. Merical (Lead Counsel)
Florida Bar No. 95663
Dinsmore & Shohl LLP
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
joseph.merical@dinsmore.com

and

Joseph N. Tucker
Florida Bar No. 938297
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Phone: (502) 540-2360
joseph.tucker@dinsmore.com

*Attorneys for Defendant*
*JNZ Insurance Services Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2026, a true and correct copy of this document was electronically filed with the Clerk of the Court by utilizing the ECF system, and served via mail to the following:

David Tom
1058 Herne Ave
Palm Bay, Florida 32907
*Pro Se Plaintiff*

*/s/ Joseph K. Merical*
*Attorney for Defendant*
*JNZ Insurance Services Inc.*